```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| WILLIAM LEE NORMAN, | : | |
| | : | Civil Action No. 12-5250 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SUPERIOR COURT OF ATLANTIC COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Plaintiff pro se
William Lee Norman
Southern State Correctional Facility
Delmont, NJ 08314

**HILLMAN**, District Judge

   Plaintiff William Lee Norman, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, has submitted to this Court a Notice of Intent to File Suit against the Superior Court of Atlantic County, the Atlantic County Prosecutors Office, Jack R. Martin, Karen Andrews, Ronald Glass, and the Public Defender's Office of Atlantic County.  Plaintiff has not attached a Complaint to the Notice.  Plaintiff has neither prepaid the $350 filing fee for a civil action nor submitted an application for leave to proceed in forma pauperis.

   Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Notice that he must pay the filing fee for a civil action, and that even if the full filing fee, or any part of it, has been paid, the

Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

Nothing in the Notice suggests that Plaintiff is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In addition, this Court has jurisdiction only over actual cases or controversies, U.S. Const. art. III § 2; Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976), and may not render advisory opinions, Presier v. Newkirk, 422 U.S. 395, 401 (1975).  Thus, until Plaintiff files a Complaint, this Court has no jurisdiction to toll the statute of limitations with respect to Plaintiff's claims[1] or otherwise to act on his Notice of Intent to File Suit, for it presents no case or controversy. See, e.g., United States v. Leon, 203 F.3d 162, 162-64 (2d Cir. 2000) (collecting cases) (holding that federal courts lack jurisdiction to consider the timeliness of a motion to vacate sentence under 28 U.S.C. § 2255 until such motion is actually filed); United States v. Cook, 795 F.2d 987, 994 (Fed.Cir. 1986) (holding, in action arising under Fair Labor Standards Act, 29 U.S.C. §§ 201-219, that district court was without authority to toll statute of limitations as to claims that might be asserted in the future by claimants not a party to the action before the district court).

Nor can this Court construe the Notice of Intent to File Suit as a complaint under 28 U.S.C. § 1983, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (courts must construe pro se filings

---

[1] The Court notes that Plaintiff alleges that the named defendants were involved in his prosecution and conviction in 1998, which was later the subject of post-conviction relief. See State v. Norman, 405 N.J. Super. 149 (N.J. Super. App. Div. 2009).

liberally), as Plaintiff does not describe his claims sufficiently to give proposed defendants fair notice of the claims against them.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without assessing a filing fee.  An appropriate Order will be entered.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge
Dated: August 28, 2012